KAREN L. LOEFFLER
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: 907-271-5071
Fax: 907-271-1500
Email: audrey.renschen@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:09-mj-0164-DMS |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **GOVERNMENT MOTION TO RECONSIDER** |
| ANDREW WILLIAM YOUNG, | ) ) ) ) | |
| Defendant. | ) ) | **Filed on Shortened Time** |

The United States requests reconsideration of the court's October 29, 2009

order requiring the government to produce to defendant copies of Sgt. Degraff's

handwritten notes and draft report. As explained below, under Ninth Circuit

precedent, neither an agent's rough notes nor a draft report constitutes a

"statement" for the purposes of Federal Rule of Criminal Procedure 26.2 or the Jencks Act.

### A. Definition of a "Statement"

Federal Rule of Criminal Procedure 26.2 defines a statement as, *inter alia*, "(1) a written statement that the witness makes and signs, or otherwise adopts and approves" or "a substantially verbatim, contemporaneously recorded recital of the witness' oral statement that is contained in any recording or any transcription of a recording." This definition is virtually identical to the Jencks Act's definition of a "statement," which is codified at 18 U.S.C. § 3500(e).

### B. An Agent's Rough Notes Are Not A "Statement"

In *United States v. Reed*, 575 F.3d 900 (9th Cir. 2009) – a Jencks Act case – the Ninth Circuit emphasized that "it will be the very unusual case where an agent's own thoughts will be recorded in rough interview notes with sufficient completeness or intent to communicate to be a Jencks Act statement. In the more typical case, only the formal interview report, through which the agents intends to communicate to others, will be a 'statement' under the Jencks Act." *Id.* at 921 (quoting from *United States v. Griffin*, 659 F.2d 932, 938 n.5).

In another 2009 case, the Ninth Circuit likewise held that "A government agent's rough notes will not be Jencks Act statements when they are not complete,

are truncated in nature, or have become an unsiftable mix of witness testimony, investigator's selections, interpretations, and interpolations." *United States v. Mincoff*, 574 F.3d 1186, 1200 (9th Cir. 2009) (upholding district court's determination that rough notes were not a "statement"). Thus, whether they contain shards of witness statements, his own observations, or simply a log of his investigative activities, Sgt. Degraff's rough notes do not comprise a "statement" to which defendant is entitled under Rule 26.2. *See id.; see also United States v. Bernard*, 623 F.2d 551, 558 (9th Cir. 1980) (holding that agent's rough notes of surveillance activities that "often sketchy and incomplete, made in a hurry, [and] at different times" are not a "statement" within the meaning of the Jencks Act).

### C. An Agent's Draft Report Is Not A "Statement"

At present, Agent Degraff's report comprises two pages, with "DRAFT" in two-inch tall letters stamped across the text. As Agent Degraff described, the report is a work-in-progress. The existing text contains at least one blank. But more importantly, Sgt. Degraff's report is not complete. There are entire topics that it eventually will cover, but not address at all at present. The report has not been checked for accuracy, and has not been signed by either Sgt. Degraff or his supervisor.

*United States v. Bagnriol*, 665 F. 2d 877 (9th Cir. 1981), compels the conclusion that it would be error to require the government to produce Sgt. Degraff's draft report. In *Bagnriol*, the defendant maintained that the government violated the Jencks Act by failing to produce a "complete draft" of a report that an agent had handwritten and then sent to a typing pool. *Id.* at 889. The Ninth Circuit rejected defendant's contention, noting that "the Jencks Act requires production only of statement "signed or otherwise approved" by the witness, and that "[t]he corrected typewritten reports were 'signed or otherwise approved' by agent Heald, *but the handwritten drafts from which they were typed were not*." *Id.* (emphasis added).

In *Bagnariol*, the Court discussed what "otherwise approved" meant, noting that the Third Circuit has held that handwritten drafts of a final report might be deemed "adopted or approved" by the agent if he had sent them to his superior for approval. *Id.* at 889 (discussing *United States v. Walden*, 578 F.2d 966, 970 (3d Cir. 1978)). In *Barginol*, the Ninth Circuit emphasized that the agent had not sent his reports to his superior. *Id.* at 890. The same is true here.

If a "complete" report that has not been submitted to a supervisor does not constitute a "statement," *id.*, then Sgt. Degraff's incomplete, unsigned, and unsubmitted report cannot constitute one either. *See also United States v. Kaiser*,

660 F.2d 724, 731-32 (9th Cir. 1981) (finding that "[t]he draft of the report here was not intended as a final report" and was therefore not a "statement" that had to be produced). Sgt. Degraff made it clear that his reports are unfinished. He stated that "they are still in the writing process. There is still actually analysis going on right now so the report is not done." He further noted that to finish, he would "have to write down still some of it." Audio Recording of 10/29/09 Hearing at 4:02. Far from vouching for the report's completeness and accuracy, Sgt. Degraff repeatedly emphasized that his report was an unreviewed, unfinished work-in-progress. *Bagnariol* and *Kaiser* compel conclusion that at present it is not a witness "statement" within the meaning of Rule 26.2.

RESPECTFULLY SUBMITTED this 30th day of October, 2009 at Anchorage, Alaska

KAREN L. LOEFFLER
United States Attorney

s/Audrey J. Renschen
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: 907-271-5071
Fax: 907-271-1500
Email: audrey.renschen@usdoj.gov

**CERTIFICATE OF SERVICE**
I declare hereby certify that on October 30, 2009
a copy of the foregoing was served electronically
 on Kevin McCoy


 s/Audrey J. Renschen