Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | NO. 3:09-cr-00129-JWS-DMS |
|---|---|
| Plaintiff, | |
| vs. | **AFFIDAVIT OF COUNSEL** |
| ANDREW YOUNG, | |
| Defendant. | |

**AFFIDAVIT OF COUNSEL**

Kevin F. McCoy, being first duly sworn upon oath, deposes and says as follows:

1.  I am the attorney for Andrew Young.

2.  At Docket No. 38, this court reappointed the Federal Defender to represent Mr. Young and asked for a motion advising the court of the earliest date Mr. Young can be ready for trial.

3.  The purpose of this unopposed motion is for an order establishing a trial date and for an order declaring this matter unusual and complex under 18 U.S.C. § 3162(h)(7).

4. The parties are jointly proposing that this case be set for trial on or after October 25, 2010.

5. This proposed trial date will provide the defense with sufficient time to comply with its Sixth Amendment obligation to Mr. Young.

6. In response to this court's order at Docket No. 38, I met with Mr. Young and with Mr. Young's former counsel, Allan Dayan.

## Volume of Rule 16 Discovery

7. Mr. Dayan provided the undersigned with discovery he received from the government. The discovery provided by Mr. Dayan comprises over a thousand pages of written material and includes three search warrants. This discovery reveals that the government seized electronic media with a total storage capacity of nearly 2 Terra Bites. The seized electronic media included the following:

- Four Computers
  - Acer Laptop 80 GB hard drive
  - Dell Laptop 40 GB hard drive
  - Toshiba Laptop 40 GB hard drive
  - Dell Computer Tower 80 GB hard drive
- Five External Hard Drives
  - WD hard drive 160 GB (Located in the master bedroom closet)
  - WD hard drive 1TB
  - Seagate External Hard Drive (storage capacity undetermined)
  - WD Hard Drive 40 GB

- Passport Hard Drive (storage capacity undetermined)
- Five thumb Drives
  - 512 MB
  - 128 MB
  - 2 GB
  - 8 GB
  - 8 GB

8. The undersigned met with Assistant U.S. Attorney Audrey Renschen on March 24, 2010. Ms. Renchen represents that the government has identified 747 videos and 4299 still pictures on the WD hard drive 160 GB located in the master bedroom closet that it will contend qualify as child pornorgraphy. At the present time, it is unclear to the undersigned what if anything will be found on the other electronic media.

### The Adam Walsh Act

9. The parties and the court are familiar with the Adam Walsh Act. Prior to enactment of the Adam Walsh Act, when the court assigned this office to represent an individual charged with possession and/or distribution of child pornography, the government routinely acquiesced to the accused's Fed.R.Crim.P. 16 request for a bit-by-bit mirror image of the computer-related material. The bit-by-bit computer-related material would be maintained in a safe within a locked room in the office. The only persons having access to the materials would be the attorney, the investigator, and any forensic expert retained to assist the defense. At the conclusion of the case, the bit-by-bit mirror image would be returned to the government for wiping so that all the information could be removed from the medium.

10. Circuit Judge Alex Kozinski, sitting as a district court judge, explained why the practice described in paragraph 9 was reasonable in *United States v. Hill*, 322 F.Supp.2d. 1081, 1091-91 (C.D.Cal. 2004):

> The court concludes that defendant will be seriously prejudiced if his expert and counsel do not have copies of the materials. Defense counsel has represented that he will have to conduct an in-depth analysis of the storage media in order to explore whether and when the various images were viewed, how and when the images were downloaded and other issues relevant both to guilt and sentencing. The court is persuaded that counsel cannot be expected to provide defendant with competent representation unless counsel and his expert have ready access to the materials that will be at the heart of the government's case.
>
> The government's proposed alternative – permitting the defense expert to analyze the media in the government's lab at scheduled times, in the presence of a government agent is inadequate. The defense expert needs his own tools in his own lab. And, he cannot be expected to complete his entire forensic analysis in one visit to the FBI lab.

11. On July 26, 2007, President Bush signed the Adam Walsh Act. One of the provisions, codified at 18 U.S.C. § 3509(m) provides in part as follows:

> 2(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce property or material that constitutes child pornography (as defined by section 2256 of this title) so long as the Government makes the property or material reasonably available to the defendant.
>
> 2(B) For purposes of subsection (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

Case 3:09-cr-00129-JWS   Document 40   Filed 03/25/10   Page 4 of 7

This section was inserted into the Adam Walsh Act without any Congressional Hearings on the Fifth Amendment due process implications of the restriction or its impact on an accused's Sixth Amendment right to effective assistance of counsel.

12. On March 24, 2010, Ms. Renschen and I discussed access to the alleged contraband materials and arrangements are being made for that access to be provided under the limitations established by 18 U.S.C. § 3509(m).

13. That said, the limitations imposed by the Adam Walsh Act on the prosecution function and on defense function are not without practical consequence. As Magistrate Judge Deborah M. Smith explained in *United States v. Winslow*, 3:07-cr-00072-TMB-DMS "[the] Walsh Act greatly increases the inconvenience, difficulty, and expense associated with both the prosecution and the defense of child pornography offenses." *See Winslow* Docket No. 121, Order Regarding Defendant's Motion For Order Compelling Discovery Of Computer-Related Evidence Seized From Randy Winslow at pg. 22.

14. These practical consequences are best illustrated by two post-Adam Walsh Act Discovery Orders entered by the Honorable Deborah M. Smith in this District. In *Winslow*, Magistrate Judge Smith ordered the government to produce a bit-by-bit copy of the electronic media subject to restrictions because the access provided in that case was not reasonable under 18 U.S.C. 3509(m). *Ibid.* By contrast, in *United States v. Harvey*, 3:07-cr-00103-RBR-DMS, Magistrate Judge Smith denied a defense request for a bit-by-bit copy of the electronic media at issue because the access was reasonable within the meaning of 18 U.S.C. § 3509(m). *See* Docket No. 104, Amended Order Regarding Defendant's Motion For Order Compelling Discovery Of All Computer-Related Evidence Seized From Danny Harvey at pp. 23-24.

15. These two orders describe the difficulties confronted by the prosecution and by the defense in meeting their respective functions in child pornography cases and demonstrate why the volume of electronic discovery renders this case unusual and complex within the meaning of the Speedy Trial Rule.

16. Given the volume of electronic discovery as well as the restrictions imposed under the Adam Walsh Act on defense evaluation of the electronic evidence, it is not reasonable for the defense to be ready within the seventy (70) day limitation imposed by 18 U.S.C. § 3161(c)(1) and still comply with the Sixth Amendment.

17. For all these reasons, I am asking the court to declare this matter unusual and complex and to establish a trial date on or after October 25, 2010.

18. On March 24, 2010, I discussed this matter with Assistant U.S. Attorney Audrey Renschen. Ms. Renschen does not oppose the request that this matter be declared unusual and complex and Ms. Renschen does not oppose a trial date on or after October 25, 2010.

19. In the alternative, the parties ask for a trial setting conference.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED at Anchorage, Alaska this 25th day of March, 2010.

Respectfully submitted,

/s/Kevin F. McCoy
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail:kevin_mccoy@fd.org

SUBSCRIBED AND SWORN TO before me this 25th day of March, 2010.

STATE OF ALASKA
NOTARY PUBLIC
Lenora L. Roehling
My Commission Expires: March 14, 2011

Notary Public in and for the State of Alaska
My Commission Expires: 3.14. 2011

Certification:
I certify that on March 25, 2010, a copy of the foregoing Affidavit of Counsel was served electronically on:

Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK 99513-7567

/s/Kevin F. McCoy