KAREN L. LOEFFLER
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: audrey.renschen@usdohj.gov
AK # 9306050

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:09-CR-00129-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| vs. | ) | |
| | ) | |
| ANDREW WILLIAM YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

# I. TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

## A. Terms of Agreement

The defendant agrees to plead guilty to two count(s) of the two count information replacing indictment in this case. The United States agrees to dismiss the remaining charges in the indictment, and conditionally agrees not to prosecute the defendant further for any other offense related to the event that resulted in the charges contained in the information, as long as there is no evidence that the defendant had any actual sexual contact with children. However, if this condition changes, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

The parties are free to make sentencing recommendations consistent with this agreement. Any agreements the parties have on sentencing recommendations and guideline applications are set forth in Section III. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

## B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 2 of 21

Criminal Procedure 11(c)(1)(A) and (C) will control this plea agreement. Thus, the defendant may only withdraw from this agreement under Fed. R. Crim P. 11(c)(1)(A), if the court denies the government's post-imposition of sentence motion to dismiss the remaining charges in the Indictment. Under Fed. R. Crim P. 11(c)(1)(C), neither the defendant nor the United States may withdraw from this agreement unless the Court imposes a sentence outside the agreed-upon imprisonment range of fifteen to twenty-five years.

### C. Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A. Charges

The defendant agrees to plead guilty to the following two count(s) of the information:

1. Sexual exploitation of a child – production and attempted production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e); and

2. receipt and attempted receipt of child pornography, in violation of

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 3 of 21

18 U.S.C. § 2252(a)(2) and (b)(1).

## B.     Elements

The elements of the charge(s) to which the defendant is pleading guilty are as follows:

1. Sexual Exploitation of a Child – Production and Attempted Production of Child Pornography

   a. At the time, the victim was under the age of eighteen years;

   b. The defendant intentionally attempted to, and did, employ, use, or persuade the victim to take part in sexually explicit conduct for the purpose of producing pictures of such conduct; and

   c. Those visual depictions were actually transported across state lines.

2. Receipt and Attempted Receipt of Child Pornography

   a. The defendant did intentionally attempt to receive, and did knowingly receive visual depictions using any means or facility of interstate or foreign commerce;

   b. The production of those visual depictions involved the

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 4 of 21

use of a minor engaging in sexually explicit conduct;

    c.    The visual depictions were of a minor engaged in sexually explicit conduct;

    d.    The defendant knew that such visual depictions were of sexually explicit conduct; and

    e.    The defendant knew that at least one of the persons engaged in sexually explicit conduct in the visual depictions was a minor.

## C.    Factual Basis

The defendant admits the truth of the allegations in Counts 1 and 2 of the information replacing indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

### 1.    The Initial Investigation

Anchorage Police Department Detective Tammy Dunn (Det. Dunn) first learned of ANDREW WILLIAM YOUNG's child pornography crimes on October 1, 2009. On that date, Det. Dunn used Limewire, a peer-to-peer file sharing software, to view the publicly shared folder of a computer with a unique Alaska Internet Protocol (IP) address. Within that publicly shared folder, Det.

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 5 of 21

Dunn viewed and recorded nine graphically descriptive sexually explicit file names for apparent child pornography videos. Using that information, and the Limewire file sharing software, Det. Dunn downloaded those videos. She arranged for one of the videos to be a single-source download (meaning the entire file was provided from the shared folder on the computer using the unique Alaska Internet Protocol (IP) address). She downloaded the remaining eight videos using a multiple-source compilation feature provided by Limewire for faster sharing (different parts of the exact same video file are shared by different computers, and LimeWire compiles the shared parts into a completed image file that mirrors the exact same video stored on multiple computers). After downloading and reviewing those videos, Det. Dunn determined that they contained child pornography, and that the videos were downloaded from a computer with a unique Alaska Internet Protocol (IP) address being used at Young's residence at 2220 North Star #20, Anchorage, Alaska.

## 2. The Search Warrant Execution and Young Interview

On October 22, 2009, law enforcement agents of the Internet Crimes Against Children Task Force executed a state search warrant for YOUNG'S residence, and seized additional child pornography evidence dating back to 1983. Forensic analysis of evidence on the main external hard drive revealed

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 6 of 21

approximately 747 videos and 4,300 images of digital child pornography. Child pornography was also found on three computers, three other external hard drives and four thumb drives, along with some child pornography images printed on paper.

Agents interviewed Young after the search, and Young admitted that he lived alone at the residence, that he downloaded and used Limewire, "sharing software", on his laptop computer, and recently used Limewire to download railroading videos. Young described his practice of downloading those videos and moving them to an external hard drive. He said he does not trust laptops so he backs up to the external drive. He stated that he does not keep anything on computers, that it is all on the external drive.

### 3.     The Forensic Evidence of Young's Receipt Crimes

During the forensic analysis of Young's digital property, Anchorage Police Department Detective Mark Thomas (Det. Thomas) found that Young's ACER laptop computer contained Limewire file sharing software and also contained remnants of the child pornography videos downloaded by Det. Dunn on October 1, 2009, that demonstrates that those video files had resided in the shared Limewire folder. After examining the external hard drive found in Young's bedroom closet, Det Thomas also found the same child pornography videos

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 7 of 21

residing there, and found additional evidence markers that those videos had been transferred there from the ACER laptop computer (receipt of child pornography).

Det. Thomas also discovered forensic evidence that other child pornography videos had been downloaded to the Limewire shared folder of the ACER laptop between October 4-22, 2009, and that those child pornography videos had not yet been transferred to the external hard drive (attempted receipt of child pornography).

### 4. The Forensic and Corroborative Evidence of Young's Production Crimes

During the forensic analysis of Young's other external drive digital evidence, Anchorage Police Department Detective Glen Klinkhart (Det. Klinkhart) found a series of nude images of a boy lying on a couch and on a chair in various frontal poses, where the boy was consistently using his hands to cover his genitals and pubic area from being photographed (attempted production of child pornography). Det. Klinkhart also discovered a few similar-looking nude frontal images of the same boy that appear to have been photographed at the same time and place, and those photographs lasciviously exhibit the child's genitals and pubic area (production of child pornography).

In December 2009, Immigration and Customs Enforcement (ICE) Senior

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 8 of 21

Special Agent Kevin Laws (SSA Laws) and Det. Dunn located and interviewed the boy depicted in those photographs. The boy, then seventeen-years-old, identified himself and the pictures, and reported that Young took those pictures when the boy was ten-years-old, and that the pictures were taken in Young's home in Wichita Falls, Texas.

SSA Laws and Det. Dunn also interviewed friends of Young's who reported they were stationed with Young at Sheppard Air Force Base in Wichita Falls, Texas. Those friends reviewed a sanitized version of the above-described photographs, and recognized the setting as a room in Young's home in Wichita Falls, Texas, and confirmed the identity of the boy pictured in the photographs.

Young's military orders further show that he was stationed at Sheppard Air Force Base in Wichita Falls from June 14, 2002 to July 24, 2006, and that Young was stationed at Elmendorf Air Force Base from October 6, 2008 through his arrest on October 22, 2009.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 9 of 21

the guilty plea(s), are as follows:

    a. Count 1: Sexual Exploitation of a Child – Production and Attempted Production of Child Pornography

        i. 15 years (**Mandatory Minimum**) to 30 years;

        ii. a maximum $250,000 fine;

        iii. a $100 mandatory special assessment; and

        iv. five years (**Mandatory Minimum**) to life of supervised release.

    b. Count 2: Receipt and Attempted Receipt of Child Pornography

        i. 5 years (**Mandatory Minimum**) to 20 years;

        ii. a maximum $250,000 fine;

        iii. a $100 mandatory special assessment; and

        iv. five years (**Mandatory Minimum**) to life of supervised release.

**2. Other Matters Affecting Sentence**

    **a. Conditions affecting the defendant's sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose

Case 3:09-cr-00129-JWS    Document 42    Filed 06/21/10    Page 10 of 21

an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen, may be

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 11 of 21

subject to deportation from the United States following conviction for a criminal offense and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

### E. Forfeiture

The parties agree that the following items contained child pornography or were used to commit child pornography crimes, and Young agrees to voluntarily forfeit these items:

1. Evidence tag 810458: Acer Laptop with 80 GB hard drive

2. Evidence tag 810460: Toshiba Laptop computer

3. Evidence tag 810463: Dell Laptop computer

4. Evidence tag 810466: four thumb drives, 128MB, 2GB, 8GB, and 8GB

5. Evidence tag 810473: Western Digital 160 GB hard drive

6. Evidence tag 810489: Western Digital 40 GB hard drive

7. Evidence tag 810483, Western Digital External Hard Drive

### F. Restitution

The parties agree that under 18 U.S.C. § 2259, restitution is mandatory in this case, and will be determined by the probation officer on behalf of the court, pursuant to 18 U.S.C. § 3664.

*United States v. Andrew William Young*                    Case No. 3:09-CR-00129-JWS

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 12 of 21

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

### A. ADVISORY UNITED STATES SENTENCING GUIDELINES

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications.

#### Acceptance of responsibility

Subject to the defendant satisfying the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 13 of 21

United States will not make or, if already made, will withdraw this recommendation and motion.

## C.    Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments. The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553. Under this agreement, the parties sentencing recommendations must be within the imprisonment range of fifteen to twenty-five years.

## IV.        WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A.    Trial Rights

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 14 of 21

Being aware of the following, the defendant waives these trial rights:

-- If pleading to an information, the right to have the charges
presented to the grand jury prior to entering the guilty plea;

-- The right to a speedy and public trial by jury on the factual
issues establishing guilt or any fact affecting the mandatory
minimum and statutory penalties, and any issue affecting any
interest in any assets subject to forfeiture;

-- The right to object to the composition of the grand or trial jury;

-- The right to plead not guilty or to persist in that plea if it has
already been made;

-- The right to be presumed innocent and not to suffer any
criminal penalty unless and until the defendant's guilt is
established beyond a reasonable doubt;

-- The right to be represented by counsel at trial and if necessary
to have a counsel appointed at public expense to represent the
defendant at trial -- the defendant is not waiving the right to
have counsel continue to represent the defendant during the
sentencing phase of this case;

-- The right to confront and cross examine witnesses against the

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 15 of 21

defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

-- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf;

-- The right to contest the validity of any searches conducted on the defendant's property or person; and

## B.     Appellate Rights

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement.  The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties– as set forth in section II D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes– including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution.

## C.     Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 16 of 21

conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

## V.    ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees to dismiss the remaining charges in the indictment, and conditionally agrees not to prosecute the defendant further for any other offense related to the event that resulted in the charges contained in the information, as long as there is no evidence that the defendant had any actual sexual contact with children. However, if this condition changes, or if the defendant's guilty pleas are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 17 of 21

pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

## VI.   ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (9), this plea agreement is appropriate in that the remaining charges adequately reflect the seriousness of the actual offense behavior, and that acceptance of the agreement will not undermine the statutory purposes of sentencing, and furthermore, that the agreed upon sentencing range takes into account both the sentencing guidelines range and the sentencing factors under 18 U.S.C. § 3553(a).

## VII.  THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, ANDREW WILLIAM YOUNG, the defendant, affirm this document contains all of the agreements made between me– with the assistance of my attorney–  and the United States regarding my plea(s).  There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement.  If there are any additional promises, assurances, or agreements,  I and the United States will jointly inform the Court in writing before I enter my guilty plea(s).

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 18 of 21

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 19 of 21

agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore

Case 3:09-cr-00129-JWS   Document 42   Filed 06/21/10   Page 20 of 21

wish to enter a plea of guilty to Counts 1 and 2 of the information replacing

indictment.

DATED: 17 June 2010 _____

ANDREW WILLIAM YOUNG
Defendant

As counsel for the defendant, I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 17 July 2010 _____

KEVIN McCOY
Attorney for
ANDREW WILLIAM YOUNG

On behalf of the United States, the following accept ANDREW WILLIAM YOUNG's offer to plead guilty under the terms of this plea agreement.

DATED: 6/21/10 _____

AUDREY J. RENSCHEN
Assistant U.S. Attorney

DATED: 6/21/10 _____

KAREN L. LOEFFLER
United States Attorney

*United States v. Andrew William Young*                     Case No. 3:09-CR-00129-JWS

Page 21 of 21