Steven M. Wells
Steven M. Wells, P.C.
1029 W. 3rd Ave.
Ste. 110
Anchorage, AK  99501
(907)279-3557
(907)279-3558 fax
steve@alaskalegaldefense.com

Attorney for Defendant

In the United States District Court
District of Alaska

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Andrew Young,<br><br>Defendant. | Case No. 3:09-cr-0129-JWS<br><br>Sentencing Memorandum |

Andrew Young, Defendant, submits the following sentencing memorandum.

Sentencing Guidelines

Mr. Young disagrees with the pre-sentence report writer's addition of four levels to count I for involving a minor under twelve. C.Y. was twelve when the photographs were taken. The pre-sentence report states that Mr. Young agreed that C.Y. was ten in the plea agreement, but this is incorrect. The plea agreement notes that C.Y. stated he was ten. Mr.

*United States v. Young*
3:09-cr-0129-JWS
Sentencing Memorandum
Page 1 of 7

Young's memory is that C.Y. was twelve when they were living in Texas. According to the pre-sentence investigation, "K.N." described C.Y. as about twelve years old in the pictures.[1] C.Y. stated he lived in that house when he was between ten and twelve years old.[2]

Without those four levels, Count I should be level thirty-six. Two levels would be added for grouping under U.S.S.G. § 3D1.4(a), for level thirty-eight. Adjusting three levels for acceptance of responsibility would give a total offense level of thirty-five. At criminal history category I, that would be 168-210 months. The mandatory minimum is fifteen years, or one hundred eighty months, so the Guideline range would be 180-210 months.

The Guidelines, though, are in many ways moot. While the court is to consider them and to accurately determine them, they are truly advisory.[3] Recently, the Ninth Circuit applied *Kimbrough* to child pornography sentences and specifically held that the District Court can depart from the guidelines based upon reasonable policy disagreements.[4]

The child pornography guidelines have been analyzed in several recent decisions. The most thorough analysis of the child pornography guidelines is found in *U.S. v. C.R.*,[5] a recent decision from Judge Weinstein of the Eastern District of New York. Part of *C.R.* can be explained because the defendant was nineteen years old at the time of his arrest. Nonetheless, Judge Weinstein in a remarkable, lengthy and in-depth opinion thoroughly reviewed child pornography guidelines and found that they are not based upon any rational, thoughtful analysis. As such, he gave the guidelines little weight.

The government will no doubt argue that Mr. Young is guilty of more than just possessing, transporting or distributing child pornography. The government will argue that Mr. Young tried to create child pornography, primarily based upon the pictures of C.Y.

---

[1] Pre-sentence investigation, Docket No. 82, ¶ 50.
[2] Pre-sentence investigation, ¶ 69(C.Y. notes he "was not certain" about his exact age).
[3] *U.S. v. Booker*, 543 U.S. 220 (2005); *Gall v. U.S.*, ___ U.S. ____, 128 S.Ct. 586, 596 (2007); *Kimbrough v. U.S.*, ___ U.S. ___, 128 S.Ct. 558 (2007); *Spears v. U.S.*, 555 U.S. ____ (2009); *Nelson v. U.S.*, 555 U.S. _____ (2009).
[4] *United States v. Henderson*, ___ F.3d ___ (9th Cir., 2011)(decided April 29, 2011)(currently, only the Westlaw citation is available. 2011 WL 1613411).
[5] ___ F.Supp. 2d ____ (E.D.N.Y., May 16, 2011)(currently, only the Westlaw citation is available. 2011 WL 1901645).

*United States v. Young*
3:09-cr-0129-JWS
Sentencing Memorandum
Page 2 of 7

When viewed in conjunction with the other images in Mr. Young's collection, it is hard to argue that Mr. Young's pictures are innocent fun or mere family goofiness. Nonetheless, this court should put those pictures in perspective. The pre-sentence report describes in graphic detail the thousands of images and hundreds of videos Mr. Young possessed.[6] Those certainly justify a conviction for possession of child pornography.

Compared to that, the evidence for count I is much less.[7] It is enough that Mr. Young pled to attempted child sexual exploitation, but it is certainly not enough to justify a sentence at the high end of the anticipated plea agreement.

Restitution

18 U.S.C. § 2259 requires restitution for offenses involving sexual exploitation of children. The pre-sentence report makes no recommendation about restitution. The government seeks three-thousand dollars restitution. The restitution is aimed at identifiable victims of the child pornography found on Mr. Young's hard drive.

That there are identifiable victims, though, does not justify this court awarding any restitution. The Ninth Circuit Court of Appeals held recently that before a court can award restitution, the court must make three specific findings:

The person seeking restitution is indeed a victim under 18 U.S.C. § 2259(b)(1), (c);

The defendant's offense was a proximate cause of the victim's losses; and

The losses can be calculated with some "reasonable certainty".[8]

The Ninth Circuit applied those criteria to a case very similar to Mr. Young's. Mr. Kennedy was stopped at the airport and a search of his computer found child pornography. In particular, investigators found images from the "Vicky" and "Amy" series. Lawyers for both requested restitution. The District Court ordered Mr. Kennedy to pay $65,000 restitution.

---

[6] Pre-sentence investigation, ¶¶ 22 – 24, 27, 31-33; 55-56
[7] Pre-sentence investigation, ¶¶ 70-71 (describing only four pictures of C.Y. nude; investigators also found some photographs of C.Y. wearing only a "cup". C.Y. stated that only happened once.)
[8] *United States v. Kennedy*, ___ F.3d ____, ___ (9th Cir., 2011)(decided July 11, 2011)(currently, only the Westlaw citation is available. 2011 WL 2675918, at 9)(internal citations omitted).

*United States v. Young*
**3:09-cr-0129-JWS**
Sentencing Memorandum
Page 3 of 7

The Ninth Circuit disagreed with that order. The court found that Mr. Kennedy's mere viewing of the images was insufficient to be a proximate cause of their losses. Further, the court found that there was no way to be "reasonably certain" of the damages. The court noted that the materials submitted by the victims discussed Mr. Kennedy in particular. Rather, all their letters discussed their damages, fears and consequences in general. As such, the court vacated the restitution order.

In the same way, Mr. Young's conduct is too remote from "Vicky's" damages to be a proximate cause under *Kennedy*. All of the materials attached refer to damages in general. Nobody discusses how Mr. Young caused their damages, just that they were victimized by being exploited.

This court should deny any request for restitution as pertains "Vicky".

Regarding C.Y., there has been no request for any restitution. If C.Y. does not claim any damages, C.Y. should not receive restitution. If C.Y. requests restitution prior to sentencing, Mr. Young would reserve the right to file a potential objection.

§3553(A) Factors

Pursuant to 18 US.C. § 3553(A), this court is to impose a sentence "sufficient but not greater than necessary". What sentence is sufficient really depends upon how one looks at this case. The government views Mr. Young as a child predator. Mr. Young views this case as an aggravated child pornography possession case. There is undoubtedly a great deal of evidence to support the possession and receipt of child pornography. The big issue is how much weight does this court give the child exploitation charge.

There are several reasons why this court should give that charge less weight. First, there are comparatively few photos that Mr. Young took of C.Y. Aside from C.Y., nobody has come forward saying Mr. Young abused them or exploited them. Certainly Mr. Young was not distributing the images of C.Y. Compared to Mr. Young's efforts to obtain child pornography, his efforts to 'produce' child pornography are minimal.

Second, it has been a long time since Mr. Young took those photographs. In 2009, when Mr. Young was arrested, C.Y. was seventeen. The photographs were taken when C.Y. was twelve. Despite C.Y. being in his custody for years before and after those photographs

were taken, there are no other photographs of C.Y. or any evidence Mr. Young ever tried to produce child pornography since then.

Third, the difference is stark between the pictures of C.Y. and Mr. Young's collection. Mr. Young's collection typically involved children between roughly seven and fourteen engaging in a variety of sexual acts with multiple partners. C.Y.'s photographs, on the other hand, are a few opportunistic photographs. In other words, Mr. Young did not videotape himself or anyone else engaging in any sort of sexual activity with C.Y. Further, C.Y.'s initial characterization of the photographs was that Mr. Young was just goofing around. It was not until he saw those pictures in relation to Mr. Young's collection that the photos bothered him.

Contrast that with the letters from "Vicky". The photos remind her not of being unexpectedly caught naked in the house. No, those photographs remind her of the horror of being actually physically sexually abused. I really hesitate to use this term, but if there was a minor offense of attempting to produce child pornography, this case would fit.

So if this case is an aggravated child pornography case, what is an appropriate sentence? Courts across this country are departing from guideline sentences or imposing mandatory minimum sentences. *Henderson*, for example, involved a mandatory minimum sentence of five years. *C.R.* imposed a sentence of thirty months.

Because of the attempted child sexual exploitation, this court has to impose a fifteen year sentence. The pre-sentence report suggests more and the government will undoubtedly ask for more, but why? Realistically, there is one arguable reason for this court, on these facts, to impose a sentence greater than fifteen years: protect the community. That is, a sentence of more than fifteen years is necessary to prevent Mr. Young from actually abusing a minor.

That argument has an admitted initial appeal, but a thorough review shows this is not a good reason to impose a sentence greater than fifteen years. For one, as Judge Weinstein showed in C.R., there is no valid study showing any relationship between viewing child pornography and actually abusing children.[9]

---

[9] *C.R., supra* note 5, at 60-66; see also pages 208-246, arguing that inherent bias in sex offender risk assessment tools raises concerns about excessively relying upon them.

*United States v. Young*
**3:09-cr-0129-JWS**
Sentencing Memorandum
Page 5 of 7

Second, Mr. Young is forty-eight years old. There is nothing to suggest he has ever abused a child.[10] It stands to reason that if he has been able to not do so until now, he has sufficient self control to resist doing so in the future.

Third, C.Y. has been living with Mr. Young off and on for several years. That would be a tremendous opportunity for Mr. Young to actually abuse a minor if he was actually going to do so, yet he did not do so. C.Y. was previously abused and he would be in a prime position to report any such abuse. That is, because he has already been victimized and reported it, it stands to reason he would report any such abuse quickly if it occurred.

This does not mean that Mr. Young should just be released. Mr. Young has no opposition to any term of supervised release this court sets. Mr. Young also has no opposition to appropriate conditions of supervised release, including monitoring his internet and computer usage.[11]

Given his lack of actual abuse, supervised release with a condition that his computer usage be monitored should show why a sentence more than the mandatory minimum is not necessary to protect the community. The pre-sentence report writer suggests Mr. Young have no contact with C.Y. except as approved by the probation officer. Mr. Young would suggest this court defer to C.Y. about this. That is, if C.Y. does not want contact, such a condition of supervised release would be appropriate. On the other hand, if C.Y. does want contact, this court should strike that condition.

This court should sentence Mr. Young to fifteen years in custody with an appropriate length of supervised release.

DATED this 13th day of July, 2011, at Anchorage, Alaska.

                                        Steven M. Wells, PC
                                        Attorneys for Defendant

                          By:     /s/ Steven M. Wells
                                        Steven M. Wells
                                        ABA #0010066

---

[10] Pre-sentence investigation, ¶ 163, noting the plea agreement is contingent, in part, upon there being no evidence that Mr. Young actually had any sexual contact with children.

[11] See *United States v. Quinzon*, ___ F.3d ___ (9th Cir. 2011)(decided July 11, 2011)(currently, only the Westlaw citation is available. 2011 WL 2675919)(authorizing supervised release condition of computer monitoring in cases involving possession of child pornography).

CERTIFICATE OF SERVICE

I certify that on July 13, 2011,
a copy of the Sentencing Memorandum
was served electronically on:

Ms. Audrey Renschen
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Ave., #9, Room 253
Anchorage, AK  99510


  /s/ Steven M. Wells        .
Steven M. Wells, PC

*United States v. Young*
**3:09-cr-0129-JWS**
Sentencing Memorandum
Page 7 of 7