UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ANDREW YOUNG, ) <br> ) <br> Defendant. ) <br> ) | 3:09-cr-00129 JWS <br><br> ORDER AND OPINION <br><br> [Re:  Motion at Docket 119] |

## I.  MOTION PRESENTED

At docket 119, defendant Andrew Young ("Young") moves to withdraw his guilty plea.  Plaintiff the United States of America opposes the motion at docket 121.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

On October 27, 2010, Young pled guilty to production of child pornography in violation of 18 U.S.C. § 2251 and receipt of child pornography in violation of 18 U.S.C. § 2252.[1]  The court accepted his guilty pleas.[2]  Young has been represented by three different attorneys.  On June 10, 2011, Young sent a letter to his lawyer indicating

---

[1] Doc. 73; doc. 46.

[2] Doc. 73.

displeasure with his plea agreement.³ On July 18, 2011, that lawyer filed a motion to withdraw, which the court ultimately granted.⁴ On the same day, Young–with the assistance of his third and current lawyer–filed a motion to withdraw his guilty plea. Young subsequently moved to amend that motion.⁵ The present motion ensued.

### III. STANDARD OF REVIEW

"A defendant may withdraw a plea of guilty . . . after the court accepts the plea but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."⁶ "The fair and just standard is generous and must be applied liberally."⁷ "Fair and just reasons for withdrawal include inadequate Rule 11 colloquies, newly discovered evidence, intervening circumstances, or any reason for withdrawing the plea that did not exist when the defendant entered his plea."⁸

### IV. DISCUSSION

Young argues that the search warrant issued in this case only permitted seizure of Young's laptop and did not authorize the search of its hard drive or of other hard drives discovered at Young's residence. Young requests a sealed *ex parte* hearing so that he can describe his "repeated requests [to former counsel] to challenge the government's search of his" hard drives.⁹ Young maintains that there was conflict between him and his former lawyer regarding a potential motion to suppress.

Young does not argue that the Rule 11 colloquy was inadequate or that there is any newly discovered evidence. Young does not identify any intervening circumstances

---

³Doc. 93. Copies of the letter were also sent to the court and the U.S. Attorney's office. *Id.*

⁴Docs. 104, 107.

⁵Doc. 118.

⁶Fed. R. Crim. P. 11(d)(2)(B).

⁷*United States v. Ensminger*, 567 F.3d 587, 590 (9th Cir. 2009) (internal quotations omitted).

⁸*United States v. Jones*, 472 F.3d 1136, 1141 (9th Cir. 2007).

⁹Doc. 119 at 6.

rendering withdrawal appropriate. Young does not point to any reason for withdrawal that did not exist when he entered his guilty plea. In short, Young has not identified a "fair and just" reason for withdrawing his plea.

To the extent Young argues that the dissenting opinion in *United States v. Stanley*[10] constitutes an intervening circumstance, his argument fails. The dissenting opinion does not mark a change in the law and, in any event, is not binding.[11] His Fourth Amendment argument was available to him prior to his plea, and he discussed the possibility of raising it with his lawyers.[12]

At the change of plea hearing Young stated that he was satisfied with his lawyer's services.[13] The court informed Young of his rights pursuant to Rule 11 and determined his competence.[14] "The extensive safeguards and substantial requirements imposed on district courts in accepting pleas are designed to ensure that the criminal defendant who pleads guilty understands exactly what the plea means."[15] Here, Young "made the informed choice to forego an available strategy and to knowingly, intelligently, and voluntarily enter into a valid plea agreement."[16]

---

[10] ____ F.3d ____, 2011 WL 327959, at *6 (9th Cir. Aug. 2, 2011).

[11] *See Ensminger*, 567 F.3d at 592 ("A marked shift in governing law that gives traction to a previously foreclosed or unavailable argument may operate as a fair and just reason to withdraw a guilty plea. A development in non-binding authority . . . does not constitute 'intervening circumstances' satisfying a defendant's burden under Rule 11(d)(2)(B).").

[12] *See id.*; doc. 105-1 at 1.

[13] Doc. 112 at 11.

[14] *See generally* doc. 112.

[15] *Ensminger*, 567 F.3d at 593 (internal quotations omitted).

[16] *Id.* at 592.

## V.  CONCLUSION

Because Young has not identified a fair and just reason to withdraw his guilty plea, the motion at docket 119 is **DENIED**.  Imposition of sentence will take place at 9:00 a.m. on November 29, 2011.

DATED at Anchorage, Alaska, this 4th day of September 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE