KAREN L. LOEFFLER
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: 907-271-5071
Fax: 907-271-1500
Email: audrey.renschen@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | Case No. 3:09-cr-00129-JWS |
|---|---|---|
| Plaintiff, | ) ) ) | **UNITED STATES' SUPPLEMENTAL SENTENCING MEMORANDUM** |
| vs. | ) ) | |
| ANDREW YOUNG, | ) ) | |
| Defendant. | ) | |

Assistant United States Attorney Audrey J. Renschen, on behalf of the United States, hereby updates its earlier sentencing memorandum filed at Docket 101, to advise the court of recent case developments, and the government's intent to proceed to sentencing despite its option to opt out of the signed plea agreement between the parties.

The signed plea agreement was conditioned as follows:

> the United States agrees to dismiss the remaining charges in the indictment, and conditionally agrees not to prosecute the defendant further for any other offense related to the event that resulted in the charges contained in the information, as long as there is no evidence that the defendant had any actual sexual contact with children. However, if this condition changes, or if the defendant's guilty pleas are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

Plea agreement, pp. 17-18.

Although free to withdraw from the agreement, and to prosecute the defendant on dismissed and uncharged conduct involving the production, distribution, and possession of child pornography, "as well as for perjury and false statements," the United States is not choosing to do so.

The United States has recently become aware of a sexual abuse of a minor report alleged by one of Andrew Young's child patients here in Alaska. The alleged sexual abuse involved sexual contact over the clothing during therapy sessions.

According to his attorney Bryon Collins, Andrew Young disputes these allegations as being untrue.

US v. Young
3:09-cr-00129-JWS                    2

The United States does not believe there is sufficient evidence to issue new criminal charges at this time, nor does the United States intend to present the evidence at sentencing in order to increase Young's sentence of imprisonment. However, as requested by the child's mother, the United States is requesting a separate condition of no contact with the child, K.C., who has just turned 13 years old. (The conditions recommended by the Presentence Report writer already include the standard condition at #7: "The defendant shall have no contact with any person under the age of 18 years without adult supervision, including his/her own minor children, nor attempt contact except under circumstances approved in advance and in writing by the probation officer in consultation with the defendant's treatment provider."

The recent allegations remain untested and are not being offered for consideration in Young's sentence of imprisonment, but the United States is asking the Court to consider an additional supervised release condition as proposed below:

> 16. The defendant shall have no contact with his former patient K.C., including correspondence, telephone contact, or communication through a third party except under circumstances approved in advance and in writing by the probation officer in consultation with the treatment provider. The defendant shall not enter onto the premises, travel past, or loiter near the residence of K.C., who the defendant treated as a child.

US v. Young
3:09-cr-00129-JWS                                3

Case 3:09-cr-00129-JWS   Document 125   Filed 11/22/11   Page 3 of 4

Should the Court choose not to add the specific additional condition, and rely instead on the standard condition set forth in condition #7, undersigned counsel will advise the family of the child of their option to seek a State of Alaska restraining order to specify a "no contact with K.C." order.

RESPECTFULLY SUBMITTED this <u>22nd</u> day of November, 2011, in Anchorage, Alaska.

    KAREN L. LOEFFLER
    United States Attorney

    <u>s/ Audrey J. Renschen</u>
    Assistant U.S. Attorney
    United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on November 22, 2011
a copy of the foregoing was served
electronically on Byron Collins.

<u>s/Audrey J. Renschen</u>
Office of the US Attorney