**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 3:09-cr-00129 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| ANDREW WILLIAM YOUNG, | ) | [Re:  Motion at Docket 170] |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.  MOTION PRESENTED

At docket 170 and supplemented at docket 186, defendant Andrew William
Young moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.
§ 2255.  The motion was briefed, and the magistrate judge filed a report at docket 196
recommending that the motion be dismissed as untimely.  Young did not file an
objection, and the court adopted the magistrate judge's report and recommendation.
Young sought and was granted relief to file late objections and supplement the record,
and the court vacated its order and judgment to consider Young's newly proffered
documents.  Young filed his objection and supporting exhibits at docket 203.  The
Government responded at docket 207.  Young filed a notice at docket 211, informing

the court of a recent Supreme Court decision he believes is relevant to the equitable tolling issues presented here.

## II.  BACKGROUND

The background facts are set forth in the magistrate judge's report at docket 196. The report, after a careful analysis, concluded that equitable tolling was not warranted and recommended that Young's § 2255 motion be dismissed as untimely.  Young objects to the magistrate judge's conclusion that he failed to exercise reasonable diligence and failed to show that an extraordinary circumstance prevented him from filing on time.  His objection relies on evidence that was not presented to the magistrate judge.  The evidence consists of communications with and about his attorney that he believes demonstrate he is entitled to equitable tolling.  The court granted Young permission to proceed with his late objection and to rely on the supplemental factual allegations.

## III.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1]  When reviewing the magistrate judge's report and recommendation in a case such as this one, the district court conducts de

_____

[1]28 U.S.C. § 636(b)(1).

novo review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3] Uncontested findings of fact are reviewed for clear error.[4]

## IV. DISCUSSION

Having examined the file, the magistrate judge's report and recommendation, Young's objection, and the Government's response, and in light of the standard of review articulated above, the court concludes that the magistrate judge has correctly found the facts and applied the law. The court adopts Magistrate Judge Smith's thorough and well-reasoned report and her recommended findings of fact and conclusions of law. Young's objection does not alter this court's conclusion.

Young's objection contends that the magistrate judge wrongly concluded that he failed to exercise reasonable diligence and that no extraordinary circumstances were present. He relies on newly advanced arguments and the exhibits attached to his objection. The exhibits consist in part of letters that were written to Bryon Collins, the attorney who represented him when he attempted to withdraw his plea and at sentencing. Two of the letters were sent in the fall of 2012, more than nine months after his direct appeal was due. Young wrote Collins again in early 2013. The letters indicate that Young wanted Mr. Collins to file a direct appeal and was dissatisfied with the lack of communication. The deadline for filing such an appeal had long past, but

---

[2]*Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3]28 U.S.C. § 636(b)(1).

[4]*Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 906 (3d Cir. 1992).

Young believed that the deadline was "steadily approaching" as of January 25, 2013.[5] In addition to his letters to Collins, Young wrote the magistrate judge two letters, complaining that Collins had not filed an appeal on his behalf and was not responding to his inquiries.

Young asserts that these letters demonstrate his diligence in attempting to get his direct appeal filed and show that Collins had abandoned him, which he argues constitutes an extraordinary circumstance warranting equitable tolling of his subsequent § 2255 petition. He cites a recent Ninth Circuit case, *Gibbs v. Legrand*[6] in support. In *Gibbs* the Ninth Circuit held that equitable tolling of the federal habeas corpus deadline was warranted where the petitioner's attorney had effectively abandoned him, causing the petitioner to miss the federal filing deadline. The court in *Gibbs* explained that attorney abandonment "can, in certain circumstances, constitute an extraordinary circumstance warranting equitable tolling."[7] The court noted that abandonment occurs when the attorney fails "to inform a client that his case has been decided, particularly where that decision implicates the client's ability to bring further proceedings and the attorney has committed himself to informing his client of such a development."[8] It then found that the attorney had abandoned the petitioner when he failed to inform the petitioner that his case had been decided by the state supreme court, despite the petitioner's repeated attempts to engage the attorney about his pending post conviction

[5]Doc. 202-6 at p. 1.

[6]767 F.3d 879 (9th Cir. 2014).

[7]*Id.* at 882.

[8]*Id.* at 886.

process and despite the attorney's explicit promise to inform his client of any developments in the case. That abandonment implicated the client's ability to bring further proceedings, warranting equitable tolling.[9]

*Gibbs* is distinguishable from the situation here. In *Gibbs*, the attorney for the petitioner was clearly the attorney of record hired for the appeal, actually filed the appeal, and explicitly committed to keeping the petitioner informed of all developments. Here, there is no corroborating evidence that Collins explicitly agreed to file an appeal. Although Collins's affidavit submitted in conjunction with Young's petition states that Young did not specifically tell him not to file an appeal and that he should have filed one as to the issue of whether the plea should have been withdrawn,[10] Collins does not state that he actually agreed to file the appeal or that he would keep Young abreast of all developments. Indeed, the representation agreement between Young and Collins, which was cited by Young in his petition, suggests that Collins was hired to pursue a suppression motion in the event Young was allowed to withdraw his guilty plea and that an appeal was conditional.[11] In other words, the scope of the representation was not clear.

Furthermore, as outlined by the Government in its response, the letters demonstrate that Young knew that Collins had not filed an appeal. Unlike in *Gibbs*, where the petitioner did not know the deadlines were running, here, Young was under

---

[9]*Id.* at 888.

[10]Doc. 190.

[11]Doc. 186-1 at p. 1.

no impression that an appeal was pending. He knew that at least some clock was running. Thus, the attorney abandonment that the Ninth Circuit found egregious and extraordinary in *Gibbs* is not present here. At most, the letters show that Collins and Young did not know the deadline for filing a direct appeal, but attorney negligence is not an extraordinary circumstance warranting equitable tolling.[12]

Moreover, despite any failures on the part of Collins as to the direct appeal, there is still no demonstration that Young was prevented from filing a subsequent § 2255 petition as a result of those failures. Young knew that he was at risk of missing a deadline and knew that his attorney was not acting on his behalf. As noted by the magistrate judge, the attorney's failure to follow through with the direct appeal was not preventing Young from proceeding with a § 2255 petition related to ineffective assistance of counsel.[13]

At docket 211, Young notified the court about a recent Supreme Court case, *Christeson v. Roper*.[14] Relying on *Christeson*, Young advances another new argument; that Collins should have told him that the clock was running as to his § 2255 petition. *Christeson* is inapposite. The Court in *Christeson* addressed whether the lower courts should have allowed a substitution of counsel so that new counsel could file a motion to reopen final judgment and raise an argument about ineffective assistance of counsel. The court noted that to obtain such relief the petitioner would have to show he was

---

[12]*Gibbs*, 767 F.3d at 885.

[13]*See* doc. 196 at p. 13 (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003).

[14]135 S.Ct. 891 (2015).

entitled to equitable tolling, but it made no ruling as to that issue.[15]  Thus, *Christeson* does not dictate a different outcome than the one recommended by the magistrate judge.

## V.  CONCLUSION

Based on the foregoing, the motion at docket 170 as supplemented at docket 186 is DENIED.

DATED this 17th day of February 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

_____

[15]*Id.* at 895-96.